```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
ANTHONY TOXEY,                                               :
                                    Petitioner,              :
                                                             :          14-CV-610 (JPO)
                    -v-                                      :
                                                             :          OPINION AND ORDER
THE NEW YORK STATE DIVISION OF                               :          ADOPTING REPORT
PAROLE,                                                      :          AND
                                    Respondent.              :          RECOMMENDATION
-------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

Anthony Toxey, proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 10, 2008, Toxey was convicted of Criminal Possession of a Controlled Substance in the Third Degree in violation of New York Penal Law ("Penal Law") § 220.16[1], Criminal Possession of a Controlled Substance in the Fifth Degree in violation of Penal Law § 220.06[5], three counts of Criminally Using Drug Paraphernalia in the Second Degree in violation of Penal Law §§ 220.50[1], [2], and [3], and Criminal Possession of Marihuana in the Fifth Degree in violation of Penal Law § 221.10[2]. (Dkt. No. 22 at 2; Dkt. No. 29-4 at 86–87.) Toxey was sentenced to eleven years of imprisonment and three years of post-release supervision. (Sentencing Hearing Transcript, Dkt. No. 29-4 at 99.) Toxey is no longer in custody, but he remains subject to the supervision of the New York State Division of Parole. (Dkt. No. 42.)

Toxey filed his petition for a writ of habeas corpus on January 28, 2014, and he amended his petition on June 4, 2018. (Dkt. Nos. 1, 22.) Toxey's amended petition enumerates fourteen grounds for habeas relief, alleging among other things that the judge in his state-court proceedings issued an improper jury charge and that his state-court trial and appellate counsel were constitutionally ineffective. (Dkt. No. 22 at 6–9.)

1

On May 28, 2014, this Court referred the petition to Magistrate Judge Michael H. Dolinger. (Dkt. No. 19.) On November 8, 2017, Magistrate Judge Dolinger issued a thorough and well-reasoned Report and Recommendation that the petition be denied. (Dkt. No. 45 ["Report"].) On June 8, 2018, Toxey submitted objections to the Report. (Dkt. No. 55.) For the reasons that follow, the Report is adopted in its entirety.

I.  **Legal Standard**

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The Court reviews the Report strictly for clear error where no objection has been made and will make a *de novo* determination regarding those parts of the Report to which objections have been made." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009). Typically, where objections are "merely perfunctory responses" and not "specific and clearly aimed at particular findings in the magistrate judge's proposal," clear error review applies. *Id.* (internal citations and quotation marks omitted). Where, as here, the objecting party is proceeding *pro se*, however, the Court construes the objections liberally. *Pearson-Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 WL 43367, at *2 (S.D.N.Y. Jan. 6, 2003).

Toxley does not object to the Report's elaboration of the legal standard governing a petition for habeas corpus under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court therefore adopts it in full.

II. **Discussion**

Toxey objects to the Report's conclusion that habeas relief on grounds one through eight of his petition is barred by the exhaustion doctrine. (Dkt. No. 55 at 1–2.) He also raises objections to the Report's substantive consideration of a subset of these unexhausted grounds. (Dkt. No. 55 at 2–4.)

### A. Grounds One through Eight

Toxley objects to the Magistrate Judge's conclusion that grounds one through eight of his petition are barred by the exhaustion doctrine. Toxley concedes that he has not yet exhausted these grounds in state court, but he contends that he has not done so only because he is awaiting a decision from this Court on whether to stay his petition and hold it in abeyance pending his exhaustion of grounds one through eight. (Dkt. No. 55 at 1–2.) In making this argument, Toxey explains that he had no choice but to include the unexhausted claims within his petition in order to avoid AEDPA's untimeliness bar and that he thought "th[e] issue [of a stay and abeyance] was [already] being considered" by the Court. (*Id.*)

Though mindful of Toxey's status as a *pro se* litigant, the Court is not moved by Toxey's contention that he "thought th[e] issue [of a stay and abeyance] was [already] being considered" by this Court. (Dkt. No. 55 at 2.) The Court has carefully reviewed the record, and has found that Toxey's only requests for a stay and abeyance of his petition are to be found in two isolated sentences contained within Toxey's 120-page reply brief filed on September 30, 2014 (Dkt. No. 35 at 30, 81), the bulk of which focuses on the merits of his claims, including grounds one through eight. In the years since then, it has been made abundantly clear to Toxey that this Court was proceeding toward a final adjudication of this petition on the merits. Just a few weeks after receiving Toxey's 120-page brief, Magistrate Judge Dolinger sent Toxey a letter confirming that his petition was fully briefed, informing him that "all the necessary documents and briefings [had] been filed" and that the petition "now await[ed] [the Court's] analysis," and "assur[ing him] that it [would] be given . . . careful and serious attention." (Dkt. No. 37.) Over the next three years, Toxey inquired into the status of this petition at least four times, all without renewing his request for a stay and abeyance; in response to each of these inquiries, the Court mailed Toxey a copy of the docket sheet indicating that his petition remained pending and had

not been stayed. (Dkt. Nos. 39–41, 44.) More recently, between November 2017 and May 2018, Toxey requested and was granted four separate extensions of time in which to file his objections to Magistrate Judge Dolinger's report. (Dkt. Nos. 47–54.) Throughout all of these correspondences with the Court and requests for extensions, Toxey neglected to inquire into or renew his request for a stay and abeyance of his petition.

The Supreme Court has instructed district courts that the "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Though district courts certainly have the discretion to grant such a stay, a "district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Id.* "Mixed" petitions that contain both exhausted and unexhausted claims "should not be stayed indefinitely" or stayed without placing "reasonable time limits on a petitioner's trip to state court and back," because doing so "[w]ould frustrate AEDPA's goal of finality by dragging out indefinitely [petitioners'] federal habeas review." *Id.* at 277–78. And in cases where "a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* at 278.

In accordance with these principles, the Court declines at this eleventh hour to stay adjudication of Toxley's already four-year-old petition and hold it in abeyance. Given that this petition is already more than four years old and that Magistrate Judge Dolinger's Report is itself nearly one year old, granting a stay here would run afoul of "the timeliness concerns reflected in AEDPA" and "[w]ould frustrate AEDPA's goal of finality by dragging out indefinitely [Toxey's petition for] federal habeas review." *Id* at 277–78.

The Court also notes that despite four years having elapsed since Toxey first filed his federal habeas petition in January 2014 (Dkt. No. 1), Toxey makes no representation that he has in the interim sought state court adjudication of his claims in grounds one through eight. In now

4

belatedly seeking leave to do so, "he fails to explain in his letter requesting the stay why it has taken him approximately [four] years to [first raise these claims in state court]. This unexplained delay further warrants the denial of his request for a stay." *See Inoa v. Smith*, No. 16 Civ. 2708, 2018 WL 4109102, at *2 (S.D.N.Y. Aug. 29, 2018) (denying habeas petitioner's request for a stay and abeyance of a two-year-old petition that had been fully briefed for nine months).

The Court therefore adopts Magistrate Judge Dolinger's conclusion that this Court cannot grant habeas relief on the basis of Toxey's claims in grounds one through eight because Toxey has failed to exhaust them in state court. Accordingly, Toxey's request for a stay and abeyance of his current petition is denied, and his claims for relief in grounds one through eight cannot be granted because of his failure to exhaust them in state court.[1]

### B. Grounds Nine through Fourteen

Toxey does not object to the Report's analysis of his claims for relief in grounds nine through fourteen. Having reviewed the Report's analysis of those claims and finding no clear error, the Court adopts the Report's conclusions in full.

## III. Conclusion

For the foregoing reasons, Magistrate Judge Dolinger's Report is ADOPTED in full, and Toxey's petition for a writ of habeas corpus is DENIED.

---

[1] Because the Court has concluded that Toxey's claims in grounds one through eight of his petition are unexhausted, the Court need not—and does not—address Toxey's remaining substantive objections to Magistrate Judge Dolinger's conclusions regarding the merits of those claims. Still, the Court is mindful that even if it were to disregard Toxey's delay in seeking a stay and abeyance, granting such a stay here would likely still be inappropriate in light of the substantive shortcomings of Toxey's claims in grounds one through eight. *See Rhines*, 544 U.S. at 277 ("[E]ven if a petitioner had good cause for [his] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not be issued. *See* 28 U.S.C. § 2253(c)(2). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: October 9, 2018
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*